UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROY TRAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4029-B |
| | § | |
| DALLAS AREA HABITAT FOR | § | |
| HUMANITY, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas Area Habitat for Humanity, Inc.'s Motion to Dismiss

(doc. 5), filed January 17, 2014. After considering the Motion, the Court finds that it should be and

hereby is **GRANTED**.

## I.

## BACKGROUND

On October 4, 2013, Plaintiff Roy Traylor filed his Complaint (doc. 1) against Defendant

Dallas Area Habitat for Humanity, Inc. ("Habitat") alleging violations of the overtime compensation

provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Doc. 1, Compl. ¶ 1. Traylor

alleges that he did "construction, maintenance, driving, security, and cleaning work" as Habitat's

employee from December 2010 to August 2011, and from June 2012 to October 2012. *Id.* ¶ 1.

Traylor alleges that "during one or more weeks of Plaintiff's employment with Defendant," he

"worked in excess of forty (40) hours per workweek." *Id.* ¶ 5. He further alleges that Habitat did not

pay him one-and-one-half times his rate of pay for these overtime hours. *Id.* ¶ 6. On January 17,

2014, Habitat filed the instant Motion to Dismiss, arguing that Traylor has not sufficiently pled an FLSA violation pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). Doc. 5, Def.'s Mot. to Dismiss.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A motion to dismiss under Rule 12(b)(6) is 'viewed with disfavor and is rarely granted.'" *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004) (quoting *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The determination of whether a claim should be dismissed is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.

## ANALYSIS

The FLSA provides the minimum wage and overtime pay requirements of employers engaged in interstate commerce. 29 U.S.C. §§ 206, 207. Under § 216(b), a qualifying employer who fails to pay an employee the federally-mandated minimum wage and/or one-and-one-half times the employee's regular rate of pay for work completed over forty hours per week will be liable to the employee.

Habitat asserts that Traylor's claim for overtime compensation under the FLSA should be dismissed because (1) Traylor fails to plead sufficiently specific facts with regard to the alleged overtime violations, and (2) Traylor fails to allege sufficient facts to demonstrate either individual or enterprise coverage under the FLSA. Doc. 6, Def.'s Br. 1.

A.      *The Allegations of an FLSA Violation*

Habitat argues that Traylor has failed to provide enough facts to satisfy the pleading requirements for the alleged FLSA overtime violations because he provides no factual context for his claims. Doc. 6, Def.'s Br. 2. Traylor insists that sufficient facts were pled to put Habitat on notice that it is being sued for overtime wage violations. Doc. 9, Pl.'s Resp. 4.

Allegations of a complaint must be sufficient to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Traylor's allegations regarding overtime pay satisfy both of these requirements. *See, e.g., Hoffman*, 2009 WL 4825224, at *3 (holding that the plaintiff offered adequate facts in the complaint when it alleged that the employees were non-exempt, worked over forty hours a workweek, and were not paid time-and-a-half for overtime hours); *Solis*

*v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231-XR, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010) (holding that the plaintiff offered adequate facts in the complaint when it provided the identities of the employees and an approximate time period during which the listed employees were employed and worked overtime without receiving overtime pay). Traylor has pled the name of the employee asserting the statutory violation, the employee's responsibilities while working for Habitat, and the twelve-month time period during which he allegedly worked over forty hours in some weeks but was not paid time-and-a-half. Doc. 1, Compl. ¶ 2. "Those are all factual allegation[s]–not legal conclusions–and, if proven, they give rise to a plausible claim for relief." *Hoffman*, 2009 WL 4825224, at *3 (citing *Qureshi v. Panjwani*, No. H-08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009)).

Even though the Complaint "is not replete with detailed factual allegations, . . . such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Hoffman*, 2009 WL 4825224, at *3 (citing cases). "Moreover, it cannot be the case that a plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records." *Solis*, 2010 WL 2756800, at *2 (citing *Acho v. Cort*, No. C 09-00157 MHP, 2009 WL 3562472, at *3 (N.D. Cal. Oct. 27, 2009)) (internal quotation marks and alterations omitted). Taking Traylor's alleged facts regarding the factual context surrounding the overtime violations as true, Traylor has pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.[1] Unfortunately, however, the same cannot be said of Traylor's allegations

---

[1]To support its claims, Habitat relies on three cases in which complaints containing allegations of overtime violations similar to those found here were dismissed without prejudice. Doc. 10, Def.'s Reply 2-3; *Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290 (S.D. Tex. Jan. 7, 2014); *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85 (2d Cir. 2013). Doc. 10,

of FLSA coverage.

B.       *The Allegations of FLSA Coverage*

"The FLSA guarantees overtime pay to employees 'engaged in the production of goods for commerce' ('individual coverage') *or* 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis in original) (citing 29 U.S.C. § 207(a)(1)). "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis in original). Because coverage is an element of an FLSA claim, the plaintiff must allege facts that show coverage to survive a motion to dismiss. *Morrow v. JW Elec., Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011) (citing *Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010)).

Traylor alleges both individual and enterprise coverage. Doc. 1, Compl. ¶ 4. The relevant portion of the Complaint states: "At all times pertinent to this Complaint, Habitat was engaged in interstate commerce. Additionally, Traylor was individually engaged in commerce, the production of goods for commerce, and handling of goods that have been moved in or produced in such commerce." *Id.* Habitat argues that Traylor has not pled specific facts to establish either individual or enterprise coverage, but has simply recited the FLSA elements. Doc. 5, Def.'s Br. 2. Traylor insists his duties as Habitat's employee are sufficient to demonstrate individual coverage, and that enterprise coverage can be inferred through common sense based on the size of the Habitat corporation. Doc.

_____

Def.'s Reply 2. Although the complaints at issue in those cases were similar to the one here, the Court notes that each of those cases is non-binding on this Court and finds them ultimately non-persuasive given its analysis above.

9, Pl.'s Resp. 5-6.

1.    Individual Coverage

The Court first addresses individual coverage. Individual coverage is not defined in the statute, but the Supreme Court has described the test for individual coverage as whether "the employee's activities . . . are actually in or so closely related to the movement of the commerce as to be a part of it." *Mendoza v. Detail Solutions, LLC*, 911 F. Supp.2d 433, 439 (N.D. Tex. 2012) (alteration in original) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)). The Fifth Circuit has applied a "practical test," which considers whether the employee's job "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mendoza,* 911 F. Supp.2d at 439 (citing *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (citation omitted)).

Traylor describes his duties as "construction, maintenance, driving, security, and cleaning work." Doc. 1, Compl. ¶ 2. Traylor argues that these duties necessarily imply that he handled goods "like cars, tools, gasoline, etc. 'that have been moved in or produced for commerce.'" Doc. 9, Pl.'s Resp. 6 (quoting 29 U.S.C. § 203(s)). These latter allegations are not present in the Complaint, however, and are therefore not properly considered for purposes of this motion. More importantly, even if the Court were to consider all of the foregoing allegations as true, they still do not show how Traylor "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); *compare Morrow*, 2011 WL 5599051, at *3. More specifically, they do not show that the work Traylor performed was "in practical effect, a part of either commerce or the functioning of an instrumentality or facility of interstate commerce." *Mendoza*, 911 F. Supp. 2d at 440. Thus, the Court concludes that

-6-

the Complaint fails to allege sufficient facts to demonstrate individual coverage.

2.      Enterprise Coverage

The Court next addresses whether Traylor has alleged sufficient facts to demonstrate enterprise coverage under the FLSA. Enterprise coverage requires that the enterprise:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1)(A). The first part of the enterprise coverage definition can be met in two ways, either by the "engaged in commerce" clause or the "handling" clause. *Mendoza,* 911 F. Supp.2d at 439. Although Traylor attempts to plead coverage under both of these clauses, he fails to plead sufficient facts to establish coverage under either.

To show coverage under the FLSA, Traylor alleges "[a]t all times pertinent to this Complaint, Defendant was engaged in interstate commerce." Doc. 1, Compl. ¶ 4. As noted above, Traylor also alleges that his duties included "construction, maintenance, driving, security, and cleaning work," and he now argues in his Response that these duties necessarily imply that he handled goods "like cars, tools, gasoline, etc. 'that have been moved in or produced for commerce.'" Doc. 9, Pl.'s Resp. 6 (quoting 29 U.S.C. § 203(s)). Traylor further maintains in his Response that Habitat "is an organization with employees and projects all over the world," and that further discovery will firmly establish enterprise coverage. *Id.* at 5. Habitat argues, in turn, that Traylor has not pled specific facts, but has simply recited FLSA elements of coverage. Doc. 5, Def.'s Br. 2.

Traylor has failed to allege sufficient facts to establish coverage under the FLSA. Again, while Traylor argues that one can discern from the duties alleged in his Complaint that he regularly

-7-

handled items that passed through interstate commerce, these allegations are not contained in his Complaint and therefore will not be considered for purposes of this Motion. Doc. 9, Pl.'s Resp. 6. Furthermore, Traylor's allegations that he performed "construction, maintenance, driving, security, and cleaning work," standing alone, do not demonstrate that he or Defendants engaged in commerce, produced goods for commerce, or handled goods that are moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

Traylor does not otherwise allege that any other of Habitats' employees engaged in interstate commerce or handled, sold, or worked on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1). Rather, Traylor solely alleges that "Defendant was engaged in interstate commerce." Doc. 1, Compl. ¶ 4. These allegations provide no factual context for Traylor's claims, and are merely formulaic recitations of the elements of an FLSA cause of action. *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, identical allegations have recently been held to be insufficient to establish enterprise coverage by a number of courts within this district. *Morrow*, 2011 WL 5599051, at *3; *Teaney v. Kenneth & Co. Honey Do Services, LLC*, No. 3:13-CV-4211-L, 2014 WL 3435416, at *4 (N.D. Tex. July 15, 2014) (Slip Copy); *Foreman v. Foodtronix, LLC*, No. 3:14-CV-0656-BF, 2014 WL 2039055, at *2 (N.D. Tex. May 16, 2014).

Finally, Traylor cites to "judicial experience and common sense" to argue that the Court may reasonably infer that Habitat for Humanity, a large organization with employees and projects all over the world, has over $500,000 in gross receipts and two or more employees engaged in interstate commerce. Doc. 9, Pl.'s Resp. 5. There is a difference between applying common sense and filling in the gaps of a plaintiff's improperly pled complaint, however. Traylor is required to plead in his Complaint enough facts to state a facially plausible claim under the FLSA. *Twombly*, 550 U.S. at 570.

-8-

He has instead supplied the Court with only conclusory allegations and provided no factual context for his claims from which the Court can discern coverage under the FLSA. Additionally, while the Court is aware of Habitat for Humanity, the defendant in this case is Dallas Area Habitat for Humanity. Although the two entities are undoubtedly related, the similarity of their names alone is not enough for the Court to infer that the defendant here actually engages in commerce or the production of goods for commerce. Accordingly, because Traylor has failed to plead sufficient facts that, if proved, would establish coverage under the FLSA, he has failed to state a claim upon which relief can be granted, and Habitat's Motion to Dismiss should therefore be **GRANTED**.

## IV.

## CONCLUSION

For the aforementioned reasons, Defendant Dallas Area Habitat for Humanity's Motion to Dismiss (doc. 5) is hereby **GRANTED**. Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such re-pleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Since this Order is the Court's first review of Traylor's allegations, the Court concludes that Traylor should be given the opportunity to overcome the deficiencies noted herein.

If Traylor is able to replead and overcome the grounds for dismissal stated herein, he should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Traylor replead, Habitat is hereby

granted leave to file a response to Traylor's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calender days of the repleading. No further briefing will be permitted.

SO ORDERED.

SIGNED: July 21, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE